UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFREY JACKSON                                                                               PETITIONER

v.                                                                    CIVIL ACTION NO. 3:12cv124-DPJ-FKB

JOHNNY CROCKETT, WARDEN                                                           RESPONDENT

ORDER

This habeas corpus petition is before the Court on the Report and Recommendation [9] of Magistrate Judge F. Keith Ball entered January 7, 2015.  For the reasons stated below, the Court adopts the Report and Recommendation [9], and Petitioner Jeffrey Jackson's Petition [1] is dismissed with prejudice.

I.      Facts and Procedural History

Judge Ball's detailed recitation of the facts of this case is incorporated herein by reference.  In general terms, Jackson was convicted of armed robbery in the Circuit Court of the First Judicial District of Hinds County, Mississippi.  State Court Record [7-1] at 42.  On appeal, the Mississippi Court of Appeals affirmed [6-1], and Jackson's subsequent application for post-conviction relief was denied [6-2] by the Mississippi Supreme Court.  Jackson then filed his Petition [1] in this Court on February 22, 2012.  Johnny Crockett, Warden of the Kemper/Neshoba County Correctional Facility, responded [6].  On January 7, 2015, Judge Ball entered a Report and Recommendation [9], recommending that the Court dismiss Jackson's Petition.  Jackson filed Objections [12], and Crockett notified [13] the Court that he does not intend to respond to the Objections.

II.     Standards

Jackson mistakenly contends that Judge Ball applied the wrong legal standards. Objections [12] at 1. Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), a federal habeas court may grant an application for a writ of habeas corpus only when the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court has repeatedly emphasized that "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 599 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect but also "objectively unreasonable." *Id.* at 409. And a result is "objectively unreasonable" only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). And "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* Finally, under § 2254(e)(1), "a determination of a factual issue made by a State court [is] presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." "If this

2

standard is difficult to meet, that is because it was meant to be. [But] . . . § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

III.     Analysis

In his Petition, Jackson raises multiple claims of error, including:  1) *Batson* violations; 2) impermissibly suggestive identification procedures; 3) various abuses of discretion by the trial court; 4) prosecutorial misconduct; 5) improper admission of evidence that deprived Jackson of his right to a fair trial; 6) insufficiency of the evidence based on the witnesses' inconsistent testimony; and 7) ineffective assistance of counsel.  Jackson raised all of these grounds either on direct appeal or in his motion for post-conviction relief, and the state court rejected them.  Judge Ball subsequently concluded that Jackson failed to meet § 2254's standards as to those holdings.  Having now considered the record as a whole, the Court agrees with Judge Ball's analysis and conclusions.  And while it could simply incorporate the Report in its entirety, the Court will comment to some extent on issues Jackson presented in his Objections.[1]

    A.       Improper Admission of Evidence

Jackson asserts that admission of testimony concerning a .357 Magnum found in a search of his home was improper because the weapon used in the crime was a .38 revolver.  He therefore asserts that he was denied his right to a fair trial.  Objections [12] at 2.

---

[1] Jackson does not mention several of his original grounds in his Objections and thus forfeits those arguments.  *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*.  In any event, the Court agrees with Judge Ball's analysis of them.

> When a habeas petitioner claims the erroneous admission of evidence, our role is limited to determining whether [the] error [was] so extreme that it constituted denial of fundamental fairness under the due process clause. Habeas relief is warranted only when the erroneous admission played a crucial, critical [and] highly significant role in the trial.

*Lucas v. Johnson*, 132 F.3d 1069, 1079 (5th Cir. 1998) (alterations in original) (citation and internal quotation marks omitted). Jackson has failed to establish this claim. As an initial matter, he has not shown that the admission of testimony concerning the gun was improper. Second, he has not shown that it played any role in the trial. His bald claims to the contrary are insufficient, an his Petition is denied on this point.

      B.      Prosecutorial Misconduct

Jackson next alleges prosecutorial misconduct in three ways: 1) stating in closing argument that the .357 Magnum found in his home was used in the robbery; 2) stating in closing argument that all eyewitnesses consistently identified the suspect; and 3) fabricating the presence of an eye witness.

> [Courts] analyze prosecutorial-misconduct claims in two steps. First, [courts] evaluate whether the prosecutor made an improper remark. If so, then [courts] determine whether the defendant suffered prejudice. . . . Improper prosecutorial comments constitute reversible error only where the defendant's right to a fair trial is substantially affected. . . . [T]he determinative question is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict. In deciding whether serious doubt infects the verdict, [courts] look to three factors: (1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction. . . . To warrant a new trial, prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial.

*Trottie v. Stephens*, 720 F.3d 231, 253 (5th Cir. 2013) (citations and internal quotation marks omitted). And on habeas review, Jackson must show that the state court's holding was

"objectively unreasonable." *Williams*, 529 U.S. at 411.

Jackson fails to meet this high bar. Assuming that the remarks were improper, the magnitude of their prejudicial effect was small, especially when compared with the strength of the other evidence—including two eye-witness identifications. As to the first statement, while the prosecutor did incorrectly refer to the gun used in the robbery as the same type of gun found later in Jackson's home, State Court Record [7-3] at 118, the prosecutor mitigated any potential prejudice by later correcting himself, *id.* at 133. As to the prosecutor's second statement regarding witnesses, the Court agrees with Judge Ball's conclusion that the statement was sufficiently tied to the evidence and falls short of showing prejudice. These two small alleged misstatements by the prosecutor during closing argument were not "so pronounced and persistent that [they] permeate[d] the entire atmosphere of the trial." *Trottie*, 720 F.3d at 253.

Finally, Jackson contends that the prosecutors fabricated Zeta Pigott's eye-witness account of the crime when in fact she "was not even at the restaurant at the time of the robbery." Objections [12] at 6(d). Jackson bases this argument on alleged inconsistencies in Pigott's trial testimony, but both Pigott and victim Hal White confirmed her presence at the scene. Jackson offers nothing but rank speculation that prosecutors fabricated her story. So in sum, none of the alleged acts of prosecutorial misconduct justify granting relief under § 2254's deferential standards. The Court denies Jackson's Petition on these points.

    C.    Factual Inconsistencies in Statements of Trial Witnesses

Jackson spends most of his Objections arguing the facts of his case. In general terms, he contends that factual inconsistencies exist between the testimonies of White, Pigott, and the investigating officers, and he faults Judge Ball for reaching an incorrect conclusion regarding

these facts.  Objections [12] at 3.

Judge Ball construed this portion of Jackson's claim as an allegation that the evidence was insufficient to support the verdict; Jackson's Objections seem to confirm that construction of his claim.  If so, "[h]abeas relief . . . on a claim of insufficient evidence is appropriate only 'if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'"  *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996).  Moreover, "a determination [of fact] made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Here, Jackson fails to prove that no rational trier of fact could have reached this verdict. "It will seldom be the case that multiple witnesses give perfectly consistent testimony, and there will almost always be some gaps or weaknesses in testimony that might be attacked."  *Batts v. Warden, Allen Corr. Ctr.*, No. 11–cv–1392, 2014 WL 4387292, at *4 (W.D. La. Sept. 3, 2014) (denying habeas relief).  The alleged inconsistencies Jackson cites in the witness statements are explainable.  And in any event, the jury was entitled to believe White and Pigott's eye-witness testimony unequivocally stating that Jackson was responsible for the robbery.  Jackson has provided no "clear and convincing evidence" to the contrary.  His claim is denied.

       D.      Suggestive Identification

Jackson contends that the witnesses' in-court identification was tainted by an impermissibly suggestive pretrial photographic array.  The Court agrees with Judge Ball that the argument is not factually supported in the record and otherwise falls short of the § 2254 standard. There is no need for additional analysis.

E.       Ineffective Assistance of Counsel

*Strickland v. Washington*, 466 U.S. 668, 687 (1984), provides the relevant standard for an ineffective-assistance-of-counsel claim.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. The standard for review of counsel's conduct under *Strickland* is "a most deferential one," *Richter*, 562 U.S. at 105, and through the lens of § 2254(d), it is "doubly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Jackson's Petition provides a laundry list of alleged deficiencies, whereas his Objections are long on legal standards and short on specifics. Having considered Judge Ball's detailed analysis of the various *Strickland* claims, the Court sees no need for additional comment with one exception. One of the few instances Jackson specifically mentions in his Objections is counsel's failure to object to the state's closing-argument statement that the witnesses were consistent. Judge Ball did not address this precise point, but having reviewed the record as a whole, it offers no basis for habeas relief. As noted above—and in Judge Ball's Report—Jackson has not shown that the prosecutor's specific comments were necessarily objectionable. And even if they were, the trial court instructed the jury that arguments are not evidence. Jackson has failed to establish either prong under *Strickland*, and he has not demonstrated a basis for relief under § 2254's "doubly deferential" standard for such claims. *See Knowles*, 556 U.S. at 123.

III.     Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Report and Recommendation [9] of Magistrate Judge F. Keith Ball is adopted as the opinion of the Court, and Jackson's Petition [1] is dismissed with prejudice.

A separate final judgment will be entered in this action in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 16th day of March, 2015.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE